# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 21-1710V
Filed: March 26, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *
NANCY OLIVO,                        *
                                   *
               Petitioner,         *
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
               Respondent.         *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Jonathan J. Svitak, Esq.*, Shannon Law Group, P.C., Woodridge, IL, for petitioner.
*Joseph D. Leavitt, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

### DECISION[1]

**Roth,** Special Master:

On August 17, 2021, Nancy Olivo ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the influenza ("flu") vaccine she received on November 17, 2020, caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). Petition, ECF No. 1. The case was initially assigned to the Special Processing Unit for resolution. ECF No. 36. On November 17, 2025, the Chief Special Master dismissed petitioner's Table SIRVA claim because he found that the onset of petitioner's pain occurred later than 48 hours post-vaccination. ECF No. 50 at 2. The following day, this matter was reassigned to the undersigned for resolution of petitioner's off-Table claim. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

That same day, the parties were ordered to file a joint status report advising how they wanted to proceed. On January 4, 2026, petitioner filed a status report stating that petitioner's counsel had contacted counsel for respondent to indicate that petitioner was amenable to settlement discussions. Petitioner represented that respondent stated he would contact his client to discuss whether settlement was feasible. ECF No. 54. The parties were again instructed to file a joint status report updating the Court on how the parties wanted to proceed.

Instead, on February 2, 2026, petitioner filed the instant Motion for Decision Dismissing the Petition. ECF No. 55. Petitioner through her moving papers advised that she believed she would be unable to prove entitlement to compensation in this matter and that she wished to avoid wasting the Court's resources. Petitioner indicated that she understood that the requested decision would result in judgment being entered against her, that this judgment would end all of her rights in the Program, and that she retained the right to file a civil action in the future regarding her claim. *Id*. Respondent was given 30 days to respond, but no response was filed.

The Court has reviewed the totality of the record before it and the evidence submitted. The information therein does not show entitlement to an award under the Program. To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). As previously determined by the Chief Special Master the record did not reveal any evidence that petitioner suffered a "Table Injury." Further examination of the record reveals that no persuasive medical or scientific evidence exists for petitioner to sustain her burden in proving that her alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, petitioner's medical records do not support a finding of entitlement and petitioner filed no expert reports.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.[3]**

       **IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.